UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PISARCIK,

    Plaintiff,

v.

PRISON HEALTH SERVICES,
ET AL,

    Defendants.
_____/

Hon. Victoria A. Roberts

Case No. 10-11024

# ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

## I.    INTRODUCTION

This matter is before the Court on Defendants' Motions to Dismiss. (Docs. 10, 22, & 24).

The motions are **GRANTED.**

## II.    BACKGROUND

On March 15, 2010, Plaintiff, a prisoner at G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a pro se Complaint alleging that his 8th Amendment rights were violated when Defendants provided him with inadequate medical care. Though the facts of the case are difficult to ascertain from the pleadings, it appears that Plaintiff underwent surgery at Ionia County Memorial Hospital (Ionia) to repair a broken finger. He claims that the surgical area was not sterile, and that the doctor, Dr. Iqbaul, was under investigation for malpractice. He alleges that Ionia knew that Dr. Iqbaul was under investigation, yet allowed him to perform surgery anyway.

1

After surgery, Plaintiff developed an infection the same finger. Plaintiff saw Dr. Lee for treatment, who allegedly worked for Prison Health Services (PHS), and was prescribed antibiotics. Plaintiff says Dr. Lee failed to diagnose the cause of the infection, or to refer him to a specialist. Instead, Dr. Lee continued to give Plaintiff antibiotics for such a long period of time, that he became immune to them. Eventually, Plaintiff's finger had to be amputated.

Plaintiff says he suffered tremendous pain, and believes that he was denied adequate treatment. Plaintiff also says that his insurance company, Correctional Medical Services (CMS), knowingly contracted doctors that were substandard and who were under investigation for malpractice. He alleges that CMS instructed doctors not to submit requests for health care procedures to save money.

Defendants now move for dismissal. They say the Complaint fails to allege sufficient facts to state a plausible claim.

## III. STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion to dismiss, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976)); *see also Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995). Because a motion to dismiss rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller,* 50 F.3d at 377 (citing *Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir. 1994)).

However, while this standard is decidedly liberal, it requires more than the bare

2

assertion of legal conclusions. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). Rather, the complaint must contain either direct or inferential allegations with regard to all the material elements to sustain recovery under some viable legal theory. *DeLorean,* 991 F.2d at 1240 (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.  ANALYSIS

### A.  Section 1983

"To state a cause of action under § 1983, a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). "It is well established that 'deliberate indifference to the serious medical needs of prisoners' constitutes cruel and unusual punishment in violation of the Eighth Amendment." *Estate of Graham v. Cnty of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004).

"To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (*citing Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978)). "There must be a 'direct causal link' between the policy (or lack of policy) and the alleged constitutional violation such that

3

the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Graham*, 358 F.3d at 383 (citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

### B. Claim Against Correctional Medical Services, Inc.

CMS says that the claim against it must be dismissed because Plaintiff fails to allege any policy or custom of CMS which resulted in his injury. CMS is correct.

Plaintiff states: "This insurance company knowingly contracted doctors that were substandard and that were under investigation for wrongdoing and that would not provide proper care for their patients." Plaintiff also alleges that CMS asked doctors not to request services for inmates, and denied procedures that were necessary. While this is an alleged policy of CMS, Plaintiff states no facts which show that this policy resulted in his injury. Plaintiff simply says that "This company directly caused the loss of my right middle finger, and all the pain and suffering that came with it." Plaintiff does not allege facts that show that CMS is responsible for the alleged violation of his constitutional rights.

While the Court is mindful that "[a] document filed *pro se* is 'to be liberally construed,'" such conclusory allegations do not give CMS fair notice, and are not sufficient to state a claim. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### C. Claim Against Prison Health Services, Inc.

PHS says that the claim against it must be dismissed because Plaintiff states only conclusory allegations that fail to show PHS denied his constitutional right to

4

adequate medical care. PHS is correct.

Plaintiff alleges that PHS refused to approve funding for medical procedures, instructed officials not to submit requests for procedures, and controlled doctors with money. Plaintiff says that this made him suffer unnecessarily. However, even if the Court treats this as an alleged policy of PHS, Plaintiff does not allege any facts that show the policy caused the deprivation of his constitutional rights. These allegations are insufficient to state a claim under § 1983.

### D. Claim Against Ionia Medical Memorial Hospital

Ionia says that Plaintiff's claim against it must be dismissed because Ionia was not acting under color of law when treating Plaintiff.

Plaintiff alleges that Ionia employed a doctor who was under investigation for malpractice, and failed to provide a sterile surgical room. However, it appears that Ionia is a private, off-premises hospital. In any event, Plaintiff states no facts which show Ionia is a state actor under § 1983.

Even if the Court assumes that Ionia is a state actor, Plaintiff fails to state any facts alleging that Ionia's actions caused the violation of his constitutional rights.

Plaintiff's allegations are insufficient to state a claim against Ionia.

### V. CONCLUSION

Defendants' Motions to Dismiss are **GRANTED.**

**IT IS ORDERED.**

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: December 8, 2010

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 8, 2010.

s/Linda Vertriest
Deputy Clerk

---